UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| JAMAL FRANCOIS, SID #1140744, § § § **Plaintiff,** § § v. § § **SHERIFF JAVIER SALAZAR,** Bexar § County; **DA JOE GONZALES,** District § Attorney's Office; **RON ROSS,** Attorney § At Law, § § **Defendants.** § | SA-24-CV-00126-XR |

## SHOW CAUSE ORDER

Before the Court is *pro se* Plaintiff Jamal Francois's 42 U.S.C. § 1983 Civil Rights Complaint. (ECF No. 1). Francois is proceeding *in forma pauperis* ("IFP"). After reviewing the Complaint, the Court orders Francois to file an amended complaint curing, to the extent possible, the Complaint's legal deficiencies, which are described below.

### BACKGROUND

Bexar County court records show Francois has been indicted for the offense of aggravated robbery. *See* Search Results (bexar.org) (last visited Feb. 7, 2024). A trial date is pending. *Id.* While confined in the Bexar County Adult Detention Center, Francois filed this § 1983 action against: (1) Bexar County Sheriff Javier Salazar ("the Sheriff"); (2) Bexar County District Attorney Joe Gonzales ("the DA"); and (3). Ron Ross, his state–court appointed attorney. (ECF No. 1). Francois contends Bexar County deputies, "Javier Salazar employees," illegally arrested and falsely imprisoned him. (*Id.*). He further claims the DA's employees violated his rights by proceeding without probable cause and denying him an examining trial. (*Id.*). Finally, he claims his court–appointed attorney has failed to properly represent him, rendering ineffective assistance

of counsel. (*Id.*). As relief, he seeks "one dollar" in monetary damages and for his "offenses to be corrected" and the "Bill of Rights and Constitution honored and due process be given." (*Id.*).

## APPLICABLE LAW

When an inmate seeks redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579–80 (5th Cir. 1998) (per curiam). If a plaintiff is proceeding IFP, his complaint is also subject to screening under § 1915(e)(2). Both statutes provide for *sua sponte* dismissal of a complaint—or any portion thereof—if the Court finds it frivolous or malicious, if it fails to state a claim upon which relief can be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it lacks an arguable basis in law or fact, i.e., when "the facts alleged are fantastic or delusional scenarios or the legal theory upon which a complaint relies is indisputably meritless." *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009) (quoting *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999)). A complaint fails to state a claim upon which relief may be granted where it does not allege sufficient facts which, taken as true, state a claim which is plausible on its face and thus does not raise a right to relief above the speculative level. *See Montoya v. FedEx Ground Packaging Sys. Inc.*, 614 F.3d 145, 149 (5th Cir. 2010) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). This standard requires more than the mere possibility that the defendant has acted unlawfully. *Twombly*, 550 U.S. at 556.

All well–pleaded facts are taken as true, but the district court need not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions. *See Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005). Although "detailed factual allegations," are not

required, "more than an unadorned, the–defendant–unlawfully–harmed–me accusation" is. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice, nor does a complaint which provides only naked assertions that are devoid of further factual enhancement. *Id.* And although a court must construe a *pro se*'s allegations liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), a plaintiff's *pro se* status does not offer him "an impenetrable shield, for one acting *pro se* has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

### DEFICIENCIES IN FRANCOIS'S COMPLAINT

#### A. *The Sheriff and the DA—No Individual Acts*

To state a § 1983 claim against a defendant, a plaintiff must allege the defendant was *personally* involved in the actions complained of or is responsible for the policy or custom giving rise to the alleged constitutional deprivation. *See Alderson v. Concordia Parish Corr. Facility*, 848 F.3d 415, 420 (5th Cir. 2017) (holding that under § 1983, officials are not vicariously liable for conduct of those under their supervision, they are accountable for their own acts and for implementing unconstitutional policies that result in constitutional deprivations); *Jones v. Lowndes Cnty., Miss.*, 678 F.3d 344, 349 (5th Cir. 2012) ("A Section 1983 claimant must 'establish that the defendant was either personally involved in the deprivation or that his wrongful actions were causally connected to the deprivation.'"). Absent sufficient facts of personal involvement, the only way a defendant can be held responsible for a § 1983 violation is through a theory of supervisory capacity. Under § 1983, supervisory officials are not generally liable for subordinates' actions on any vicarious liability theory. However, a supervisor may be held liable if: (1) he was

3

personally involved in the constitutional deprivation, or (2) there is sufficient causal connection between the supervisor's wrongful conduct and the constitutional violations. *Thompkins v. Belt*, 828 F.2d 298, 303–04 (5th Cir.1987). To demonstrate a causal connection, the supervisor would have to "implement a policy so deficient that the policy itself is a repudiation of constitutional rights" and is "the moving force of the constitutional violation." *Id.* at 304.

Francois has failed to allege any personal involvement by the Sheriff or the DA in any alleged constitutional violations. (ECF No. 1). Rather, he specifically claims their *employees* undertook acts in violation of his civil rights. (*Id.*). Having failed to allege any personal involvement by the Sheriff or the DA, Francois must show they are each responsible for a policy or custom so deficient that the policy itself is a repudiation of constitutional rights and is "the moving force of the constitutional violation, i.e., gave rise to the constitutional violations he alleged." *See id.* Francois must either properly allege individual acts committed by the Sheriff and the DA in violation of his civil rights or properly allege the specific policies for which they are responsible and that such policies gave rise to the constitutional violations alleged. If Francois fails to sufficiently replead, his claims are subject to dismissal for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1). Francois is reminded conclusory allegations are insufficient. *See Twombly*, 550 U.S. at 555.

Additionally, to the extent Francois intended to name Bexar County as a defendant by suing the Sheriff, the Court finds his Complaint deficient. (ECF No. 1). To establish liability on the part of a county or municipality, a plaintiff must demonstrate a policy or custom that caused the alleged constitutional deprivation. *Bd. of Cnty. Comm'rs Bryan Cnty., Okla. v. Brown*, 520 U.S. 397, 403–04 (1997); *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 690–91 (1978).

Francois fails to allege Bexar County has a particular policy or custom relating to any alleged violation of his constitutional rights. (ECF No. 1); *see Brown*, 520 U.S. at 403–04.

Accordingly, in any amended complaint, to the extent Francois seeks to allege § 1983 claims against Bexar County, he must name the County as a defendant and provide specific facts that would support a claim that Bexar County was responsible for unconstitutional customs, practices, or policies that were the driving force behind his alleged constitutional violations.

### B. *The DA—Eleventh Amendment Immunity and Prosecutorial Immunity*

#### 1. *Eleventh Amendment Immunity — Official Capacity*

To the extent Francois seeks monetary damages or other retrospective relief against the DA in his official capacity for monetary damages, such claims are barred by the Eleventh Amendment. *See* U.S. CONST. amend. XI. The Eleventh Amendment bars suits by private citizens against a state in federal court. *Union Pac. R. Co. v. Louisiana Pub. Serv. Comm'n*, 662 F.3d 336, 340 (5th Cir. 2011); *K.P. v. Leblanc*, 627 F.3d 115, 124 (5th Cir. 2010) (citing *Hutto v. Finney*, 437 U.S. 678, 700 (1978)); *see* U.S. CONST. amend. XI ("The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."). Federal claims against state employees in their official capacities are the equivalent of suits against the state. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *Monell*, 436 U.S. at 658, 690 n.55 (1978). The bar of the Eleventh Amendment is in effect when state officials are sued for monetary damages in their official capacities. *Kentucky v. Graham*, 473 U.S. 159, 169 (1985); *Cory v. White*, 457 U.S. 85, 90, (1982). This is so because "a judgment against a public servant 'in

his official capacity' imposes liability on the entity that he represents." *Graham*, 473 U.S. at 169 (quoting *Brandon v. Holt*, 469 U.S. 464, 471 (1985)).

Regarding § 1983 claims, the Supreme Court has held a state is not considered a "person" within the meaning of the statute. *Will*, 491 U.S. at 64. Accordingly, although state officials literally are persons, if sued in their official capacities, they are not deemed "persons" for purposes of § 1983. *Id.* at 71. In other words, a suit against an official in his or her official capacity is not a suit against the official, but rather is a suit against the official's office. *Id.*; *Brandon*, 469 U.S. at 471. As a suit against the official's office, it is no different from a suit against the state itself. *Will*, 491 U.S. at 71 (citing *Graham*, 473 U.S. at 165–66; *Monell*, 436 U.S. at 690 n.55). Thus, § 1983 suits brought against state officials in their official capacities for monetary damages or for retrospective relief are, likewise, barred under the Eleventh Amendment. *See id.*

The Fifth Circuit has stated on numerous occasions that district attorneys and assistant district attorneys in Texas are agents of the state when acting in their prosecutorial capacities. *See, e.g., Quinn v. Roach*, 326 F. App'x 280, 292 (5th Cir. 2009). Thus, Francois's claims against the DA in his official capacity for monetary damages or other retrospective relief are subject to dismissal for want of jurisdiction based on sovereign immunity. *See Will*, 491 U.S. at 71. In any amended complaint, Francois should omit any claims against the DA in his official capacity for monetary damages or other retrospective relief. *See Will*, 491 U.S. at 71; *see also* U.S. CONST. amend. XI.

2. *Prosecutorial Immunity — Individual Capacity*

To the extent Francois asserts § 1983 claims against the DA in his individual capacity for monetary damages, it appears such claims are barred by prosecutorial immunity. *See Buckley v.*

*Fitzsimmons*, 509 U.S. 259, 269–73 (1993); *Booker v. Koonce*, 2 F.3d 114, 116 (5th Cir. 1993). Prosecutors are absolutely immune from liability in a civil rights lawsuit seeking monetary or other retrospective relief for any actions taken by them within the course and scope of representing governmental agencies and subdivisions in judicial proceedings, i.e., when acting as advocates of the state. *Buckley*, 509 U.S. at 269–73; *Booker*, 2 F.3d at 116. "[A]cts undertaken by the prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity." *Buckley*, 509 U.S. at 273. Prosecutors are immune even if their actions are malicious or willful if the actions occur in the exercise of the advocatory function. *Cousin v. Small*, 325 F.3d 627, 635 (5th Cir. 2003).

Francois has not alleged any facts showing the DA was acting outside the course and scope of his role as an advocate for the State of Texas regarding the criminal prosecution against him. (ECF No. 1). Thus, it appears the DA is immune and therefore, to avoid dismissal, Francois must file an amended complaint showing why his claims against the DA in his individual capacity for monetary damages should not be dismissed. *See* 28 U.S.C. §§ 1915(e)(2)(B)(iii), 1915A(b)(2).

### C. *Non–State Actor—Ross*

To state a claim under § 1983, a plaintiff must show the defendant violated his constitutional rights while acting *under color of state law*, i.e., was a state actor. *Moody v. Farrell*, 868 F.3d 348, 351 (5th Cir. 2017); *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013), *cert. denied*, 572 U.S. 1087 (2014); *see* 42 U.S.C. § 1983. Neither a court–appointed attorney nor a privately–retained attorney are state actors for purposes of § 1983. *Hudson v. Hughes*, 98 F.3d 868, 873 (5th Cir. 1996) (citing *Polk Cnty. v. Dodson*, 454 U.S. 312, 324–25 (1981); *Mills v.*

*Criminal Dist. Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988)). As Francois's court–appointed criminal defense attorney, Ross is a non–state actor and therefore, not subject to suit under § 1983 conduct unless Francois can show Seymour's conduct is fairly attributable to the Government. *See Moody*, 868 F.3d at 351.

Thus, to avoid dismissal of his Complaint, Francois must file an amended complaint establishing Ross's liability as a non–state actor. If he fails to do so, his § 1983 claim against Ross is subject to dismissal for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

### D. *Heck* Stay—All Defendants

Francois contends his constitutional rights were violated when he was illegally arrested, falsely imprisoned, and denied due process and an examining trial. (ECF No. 1). It appears these claims may be subject to a stay pursuant to *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994).

In *Heck*, the Supreme Court held a § 1983 claim that necessarily implies the invalidity of the plaintiff's conviction or imprisonment does not accrue, i.e., is barred, until the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* However, the *Heck* bar does not apply to a § 1983 claim that would impugn *pending* criminal proceedings, and therefore, a stay of the § 1983 claim pending resolution of the criminal case is appropriate. *Wallace v. Kato*, 549 U.S. 384, 393–94 (2007). As the Court explained:

> If a plaintiff files a false arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil

> action until the criminal case or the likelihood of a criminal case is ended. If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, *Heck* will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit.

*Id.* (citations omitted). As set out above, Francois's criminal case is pending. *See* [Search Results (bexar.org)](). Thus, Francois must show in any amended complaint why the claims described above should not be stayed pending the outcome of the criminal proceeding.

### RIGHT TO AMEND

Before dismissal of his Complaint, Francois is entitled to amend to attempt to cure the deficiencies set out in this Show Cause Order. *See Neitzke v. Williams*, 490 U.S. 319, 329 (1989). If Francois fails amend his Complaint to cure the deficiencies, his Complaint may be dismissed, in whole or in part, for want of jurisdiction and/or for failure to state a claim upon which relief may be granted. *See* U.S. CONST. amend. XI; 28 U.S.C. §§ 1915(e)(2)(B)(ii, iii), 1915A(b).

**IT IS THEREFORE ORDERED** that **within thirty (30) days of the date of this Order**, Francois must show cause why his § 1983 Complaint (ECF No. 1) should not be dismissed, in whole or in part, by filing an amended complaint correcting the deficiencies set out in this Show Cause Order. Francois's amended complaint should not exceed twenty (20) pages. Further, Francois should present his amended claims by using the § 1983 complaint form provided by the Clerk of Court. **The Clerk of Court is directed to provide Francois with a copy of the § 1983 form.**

If Francois fails to comply with this Order, his Complaint may be dismissed for failure to prosecute and failure to comply with this Show Cause Order. *See* FED. R. CIV. P. 41(b).

It is so **ORDERED**.

**SIGNED** this 8th day of February, 2024.

                                                              _____
                                                              XAVIER RODRIGUEZ
                                                              UNITED STATES DISTRICT JUDGE